Frank J. CHARMLEY, Appellant,

v.

ALASKA MUNICIPAL EMPLOYEES
FEDERAL CREDIT
UNION, Appellee.

No. 3938.

Supreme Court of Alaska.

Jan. 12, 1979.

Albert Maffei, Anchorage, for appellant.

Denis R. Lazarus, Anchorage, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

PER CURIAM.

Frank J. Charmley entered into an agreement with FEPCO in November, 1975, to purchase a new truck. Charmley secured financing for the truck from the Alaska Municipal Employees Federal Credit Union (AMEFCU) on March 9, 1976, in the sum of $6,190 with interest at twelve per cent per annum. On that date, AMEFCU issued a check for $6,192 to FEPCO.

FEPCO went out of business, and Charmley never received his truck. AMEFCU filed a complaint against Charmley for recovery on the note. Charmley filed an answer, counterclaim and third party complaint[1] alleging that AMEFCU was negligent in issuing the check to FEPCO prior to the delivery of the truck and that Charmley had received no consideration for his promissory note.

AMEFCU moved for summary judgment pursuant to Civil Rule 56(a).[2] Its motion was supported by a memorandum, exhibits and affidavits. Charmley opposed the motion for summary judgment and filed a memorandum and affidavits in support of his opposition.

On February 10, 1978, the superior court granted summary judgment in favor of AMEFCU for the relief sought in its complaint ($5,673.15 plus twelve per cent interest from August 15, 1976). Charmley appealed from that order.

We must decide whether the superior court erred in granting summary judgment in favor of AMEFCU.

Summary judgment is to be granted when there is no genuine issue as to any material fact. The trial court determines whether a party is entitled to a judgment as a matter of law on the basis of the

1. No disposition of the third party complaint appears in the record. Technically, this is not a proper appeal as it has not been certified pursuant to Civil Rule 54(b). However, we have chosen to relax the rules pursuant to our power to do so granted by Appellate Rule 46, and thus we will treat this action as a proper appeal from a summary judgment between the two named parties as if it had been certified as a final judgment by the superior court.

2. Civil Rule 56(a) provides:

A party seeking to recover upon a claim, counterclaim or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move for a summary judgment in his favor upon all or any part thereof.

pleadings, depositions, answers to interrogatories, admissions, and affidavits filed with the motion and its opposition.[3] In reviewing a decision to grant summary judgment, we must determine whether there were any genuine issues of material fact, and whether the moving parties were entitled to judgment as a matter of law. *Moore v. State*, 553 P.2d 8, 15 (Alaska 1976).

We have reviewed the underlying memoranda and affidavits and have concluded that the superior court did not commit error when it granted summary judgment. AMEFCU was a holder in due course of the promissory note since it satisfied the requirements of AS 45.05.308(a) and (b) (U.C.C. § 3–302).[4] As a holder in due course, AMEFCU has the right to enforce payment.[5] No issues of material fact concerning AMEFCU's status as a holder in due course were presented to the superior court.

The summary judgment is AFFIRMED.

**3.** Civil Rule 56(e) provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

**4.** AS 45.05.308(a) and (b) provide:

*Holder in due course.* (a) A holder in due course is a holder who takes the instrument

(1) for value;

(2) in good faith; and

(3) without notice that is is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

(b) A payee may be a holder in due course.

**5.** AS 45.05.306 (U.C.C. § 3–301) provides:

*Rights of a holder.* The holder of an instrument, whether or not he is the owner, may transfer or negotiate it and, except as otherwise provided in § 384 of this chapter on payment or satisfaction, may discharge it or enforce payment in his own name.

If facts were set forth in the opposition to the motion for summary judgment which gave rise to a duty on the part of AMEFCU to make certain that there was clear title in the vehicle before FEPCO was paid, the fact that the credit union was a holder in due course of the note might not be a complete defense. However, the facts alleged here do not demonstrate such a duty.